UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MARK WOOTEN and STEPHANIE WOOTEN,

                  Plaintiffs,

vs.                                        Case No.  3:04-cv-119-J-12MCR

FLUOR ENTERPRISES, INC., a foreign
corporation, d/b/a FLUOR GLOBAL
SERVICES, and H.B. ZACHRY COMPANY, a
foreign corporation,

                  Defendants.
_____/

## O R D E R

**THIS CAUSE** is before the Court on Plaintiffs' Motion to Compel (Doc. 28) filed

September 6, 2005.  Defendant H.B. Zachry Company ("Zachry") filed a response (Doc.

29) on September 12, 2005.  Defendant, Fluor Enterprises, Inc. ("Fluor") has not

responded and the time for doing so has passed.  Accordingly, the matter is now ripe for

judicial review.

## I. BACKGROUND

On September 30, 2003, Plaintiffs filed an action in state court for personal

injuries sustained by Mark Wooten while working for the Jacksonville Electric Authority.

(Doc. 2).  On August 15, 2005, the Court entered an amended Case Management and

Scheduling Order setting a discovery deadline of January 4, 2006.  (Doc. 26).

According to Plaintiffs, Defendants have failed to cooperate in scheduling numerous

depositions.  (Doc 28).  As such, Plaintiffs filed the instant motion asking the Court to order Defendants to make several individuals available for deposition.

## II. **DISCUSSION**

Motions to compel discovery under Rule 37(a) are committed to the sound discretion of the trial court.  See Commercial Union Ins. Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984).  The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party. See Westrope, 730 F.2d at 731.

The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result.  See United States v. Proctor & Gamble Co., 356 U.S. 677, 682, 78 S.Ct. 983 (1958).  Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion requiring judicial intervention.  Furthermore, "[d]iscovery in this district should be practiced with a spirit of cooperation and civility."  Middle District Discovery (2001) at 1.

In the instant motion, Plaintiffs ask the Court to order Defendants to make several individuals who were identified by Defendant Fluor as current employees of Zachry or Fluor available for deposition.  Specifically, Plaintiffs ask for an Order directing Zachry and Fluor to produce Billy Burke, Marty Higginbotham, Ralph Jacobs, Eldon Doloff, Ralph Rhea, Kurt Clardy, David Campbell and Jerry Cummings for deposition.  (Doc. 28).  Additionally, Plaintiffs ask that both Defendants be required to

produce corporate representatives for deposition.  Defendant Zachry responds that it has cooperated with Plaintiff to schedule the depositions of its current employees (Kurt Clardy and David Campbell) and that these individuals were scheduled to be deposed on September 26, 2005.  (Doc. 29).  Furthermore, Zachry contends it provided the last known addresses of three individuals who no longer work for Zachry and over whom Zachry no longer has control (Ralph Jacobs, Eldon Doloff and Jerry Cummings).  Additionally, Zachry states that Ralph Rhea is not and has never been a Zachry employee.  Finally, Zachry responds that it will produce a corporate representative as soon as Plaintiffs provide a proper 30(b)(6) request detailing the information they seek.  (Doc. 29).  As stated above, Defendant Fluor failed to file a response and therefore, the Court will treat Plaintiffs' Motion to Compel as unopposed by Defendant Fluor.[1]

Because it appears Defendant Zachry has cooperated with counsel for Plaintiffs in scheduling the depositions of its current employees, the Court will deny Plaintiffs' Motion to Compel insofar as it relates to Zachry.  As for Plaintiffs' contention that Zachry has inappropriately failed to designate a corporate representative, Zachry is correct that before it is required to do so, Plaintiffs must provide a notice "describ[ing] with reasonable particularity the matters on which examination is requested."  Rule 30(b)(6), Fed.R.Civ.P.  As Plaintiffs have failed to do so, Zachry has not behaved inappropriately.

---

[1] According to the witness list filed by Fluor, Marty Higginbotham and Billy Burke are Fluor employees.

As for Defendant Fluor, it appears counsel for Fluor has not been cooperative in scheduling depositions.  Therefore, the Court will grant Plaintiffs' Motion to Compel insofar as it relates to the production of the two Fluor employees, Marty Higginbotham and Billy Burke.  Defendant Fluor is ordered to communicate with counsel for Plaintiffs no later than October 14, 2005 to determine a mutually convenient time for the depositions of these witnesses.  If Fluor fails to comply with this directive, counsel for Plaintiffs is instructed to file a notice with the Court in which case, the Court will determine an appropriate sanction.

Should Plaintiffs continue to desire to depose corporate representatives, they should provide appropriate 30(b)(6) notices to opposing counsel.  Counsel for Defendants are advised to cooperate fully to ensure discovery proceeds without the need for any further Court intervention.

Accordingly, after due consideration, it is

**ORDERED**:

Plaintiffs' Motion to Compel (Doc. 28) is **GRANTED** in part and **DENIED** in part as provided in the body of this Order.


**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  3rd  day of October, 2005.

_Monte C. Richardson_

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

-4-

Copies to:

Counsel of Record
Any Unrepresented Party